**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

IN THE MATTER OF:

| | |
|---|---|
| Richard John Swinehart | Bankruptcy Case No. 08-07302 |
| and Chrisanne Lynn Swinehart | Honorable Jeffrey R. Hughes |
| aka Chrisanne L. Rohring, | Chapter 7 |
| Debtors. | |
| _____/ | |

**TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURNOVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 521 AND § 542**

Kelly M. Hagan, Chapter 7 Trustee, by and through her attorneys, Beadle Smith, PLC, states for her Motion to Compel Debtor to Turnover Property of the Estate Pursuant to 11 U.S.C. § 521 and § 542 ("Motion") as follows:

1. On August 20, 2008, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date") which was converted to a proceeding under Chapter 7 on February 16, 2013.

2. Kelly M. Hagan ("Trustee") is the appointed, duly qualified and acting Chapter 7 Trustee in this matter.

3. On the Petition Date, Debtor was a member of the Saginaw Chippewa Indian Tribe of Michigan ("Tribe") and was entitled to all rights and benefits afforded its members.

4. As part of the benefits of being a member of the Tribe, Debtor was entitled to receive Per Capita payments as declared by the Tribe for the life of the member.

5. For the calendar year of 2013, Debtor was entitled to receive a Per-Capita Payment in the amount of $2,400.00 every two weeks.

6. Since the conversion of the bankruptcy proceeding to a proceeding under Chapter 7, the Debtor has received $55,200.00 in Per Capita Payments.

7. Debtor continues to receive and will continue to receive Per-Capita Payments, although the amount could change.

1

8. The Per Capita Payments are property of this bankruptcy estate pursuant to 11 U.S.C. §541(a) and §348(e). *See, In re Howley*, 446 B.R. 506 (Bankr.Kan.2011); *In re Kedrowski*, 284 B.R. 439 (Bkrtcy.W.D.Wis 2002); *In re Johnson*, 259 B.R. 125 (W.D. LA 2000).

9. Trustee has made demands for the turnover of Per Capita Payments received by the Debtor but to no avail.

10. The Trustee anticipates that in order to satisfy all allowed claims of the estate, she will need to recover approximately $30,000.00 with any excess being returned to the Debtor.

11. Debtor has an obligation pursuant to 11 U.S.C. §521 and §542 to cooperate with the Trustee and to surrender to the Trustee the Per Capita Payments that would enable the Trustee to perform her duties that relate to property of the estate.

12. Trustee may use, sell or lease the requested Per Capita Payments pursuant to 11 U.S.C. §363 in the administration of this estate.

13. The Trustee demands the Debtor turnover Per Capita Payments received since the conversion of this proceeding and account for the value of such property.

14. The Per Capita Payments are not of inconsequential value as they exceed $50,000.00.

**WHEREFORE**, Trustee prays this Honorable Court grant Trustee's motion in every respect and enter the Order submitted herewith compelling the turnover of the Per Capita Payments, account for the value of the received Per Capita Payments and order the turnover of future Per Capita Payments to the extent necessary to pay all allowed claims in full.

Respectfully submitted,

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)

Dated: 1/14/14   Ksmith@bbssplc.com